UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Kimberly King,<br><br>                      Plaintiff,<br><br>  -v.-<br><br>TrueAccord Corp.,<br><br>                      Defendant(s). | Civil Action No: 3:23-cv-231<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kimberly King (hereinafter, "Plaintiff") brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant TrueAccord Corp. (hereinafter, "Defendant") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After

determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this action pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Texas, County of Dallas.

8.     Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9.     Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address for service with its registered agent, c/o Incorp Services, Inc., at 815 Brazos Street, Suite 500, Austin, Texas 78701.

10.    Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to June 2022, Plaintiff allegedly incurred two separate debts with the alleged original creditor, Klarna.

13. The alleged debts were incurred solely for personal, household or family purposes.

14. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. Upon information and belief, Klarna contracted Defendant for the purpose of collecting the unspecified debt. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Violations – Multiple Communications to an Unrelated Third-Party*

17. On a date better known by Defendant, but beginning no later than October 5, 2022, Defendant began attempting to contact Plaintiff regarding the aforementioned Klarna debts.

18. Upon information and belief, on October 5, 2022, and on at least ten additional occasions, Defendant sent communications to an email address it had on file for a "Kimberly King" regarding a Klarna account with an account number ending in 9831. A copy of the emails associated with account number ending in 9831 is attached hereto as Exhibit A.

19. Separately, upon information and belief, on October 20, 2022, and on at least two additional occasions, Defendant sent communications to an email address it had on file for a "Kimberly King" regarding the Klarna account with an account number ending in 6380. A copy of the emails associated with the account number ending in 6380 is attached hereto as Exhibit B.

20. However, the communications detailed in paragraphs 18 and 19 above were never received by Plaintiff.

21. Instead, the above communications, all of which were attempting to collect a debt, were sent to an entirely separate "Kimberly King" to which Plaintiff has no relation or connection.

22. Upon information and belief, after reviewing Defendant's various communications and discovering that the same were actually intended to be sent to Plaintiff, the unrelated "Kimberly King" contacted Plaintiff via social media and informed Plaintiff that Defendant's communications had been received. Ultimately, the unrelated "Kimberly King" forwarded Defendant's communications to Plaintiff.

23. The communications sent to the unrelated "Kimberly King" contained information related to the alleged Karna debts including the fact that the debts were allegedly past due, identifying information regarding the debt including the account numbers, the amounts of the alleged debts, breakdowns of the alleged debts, and information regarding the creditor.

24. Plaintiff does not know the unrelated "Kimberly King" who received Defendant's various communications and the unrelated "Kimberly King" has no connection to the alleged debts.

25. At no point in Defendant's communications sent to the unrelated "Kimberly King" did Defendant state that it was attempting to locate Plaintiff.

26. Instead, Defendant's communications were sent to the unrelated "Kimberly King", an unrelated, third-party, specifically for the purpose of collecting the alleged Karna debts.

27. Pursuant to 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

28. Defendant's communications that it sent to the unrelated "Kimberly King" detailed above violated 15 U.S.C. § 1692c(b).

29. Pursuant to 15 U.S.C. § 1692d:

> A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

The FDCPA then provides a non-exhaustive list of conduct that violates subsection d.

30. Defendant's conduct described above in attempting to collect on the alleged Karna debts violated 15 U.S.C. § 1692d.

31. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendant's conduct described above in attempting to collect on the alleged Karna debts violated 15 U.S.C § 1692f.

33. Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

34. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

35. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

36. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

37. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

38. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with knowing that her personal information, which is protected by the FDCPA, was disclosed to an unrelated third-party.

39. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

40. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

41. Defendant's collection efforts with respect to the alleged debts caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

42. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

43. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

44. The funds Plaintiff could have used to pay some or all of the alleged debts were spent elsewhere.

45. Defendant knew or should have known that it was contacting the incorrect person, but nonetheless chose to continue its collection efforts without correction.

46. Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

47. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

48. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

49. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

50. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

51. Plaintiff's reliance on Defendant's conduct, and the resulting inaction/non-payment, caused Defendant's furnishment, and ultimate dissemination, of negative credit reporting information to the Plaintiff's financial and reputational detriment.

52. Based on Defendant's failure to communicate with Plaintiff, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

53. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c *et seq.*

54. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

56. Pursuant to 15 U.S.C. § 1692c(b):

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

57. Defendant violated § 1692c:

   a. By repeatedly communicating with someone other than Plaintiff, the consumer associated with the alleged debts, without the express permission of Plaintiff.

58. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692d** *et seq.*

59. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60. Defendant's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

61. Pursuant to 15 U.S.C. § 1692d, "a debt collector may not engage in any conduct the nature consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

62. Defendant violated § 1692d:

   a. By repeatedly contacting an unrelated third-party, providing Plaintiff's personal and statutorily protected information to such unrelated third-parties;

   b. By publishing information regarding Plaintiff's debt and status as an alleged defaulting debtor in the same.

63. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
**15 U.S.C. § 1692f** *et seq.*

64. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

66. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

67. Defendant violated § 1692f:

   a. By unfairly and unconscionably sending private and protected information regarding Plaintiff's alleged debts to an unrelated third-party;

   b. By failing to maintain policies and procedures that were reasonably calculated to ensure that email correspondence was actually sent to the intended recipient.

68. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

69. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kimberly King, demands judgment from Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(3);

4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

5. For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated:  January 31, 2023

Respectfully Submitted,
**Stein Saks, PLLC**
*/s/ Christofer Merritt*
Christofer Merritt, Esq.
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500
cmerritt@steinsakslegal.com
*Counsel for Plaintiff Kimberly King*